UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 09-40024-FDS

| | |
|---|---|
| RLI INSURANCE COMPANY,<br>    Plaintiffs | )<br>)<br>) |
| vs. | )<br>) |
| HENRIQUE ROCHA SANTOS,<br>BELI R. LIMA and MARIA LOPES,<br>    Defendants | )<br>)<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' OPPOSITION TO RLI INSURANCE COMPANY'S
MOTION SUMMARY JUDGMENT**

Now come the defendants, Maria Lopes and Henrique Rocha Santos, and submit this Memorandum of Law in opposition to plaintiff, RLI Insurance Company's motion for summary judgment.  The defendants request that the court deny RLI's motion for summary judgment as to all counts and further seek a judicial determination denying RLI's request for rescission of the RLI policy issued to Beli Lima.  The defendants further request that the court declare that the RLI policy was valid and in effect as of October 5, 2006 and find, as a matter of law, that the RLI policy covers the claims asserted against Santos by Lopes as a result of the underlying motor vehicle accident on October 5, 2006.

The facts demonstrate that Lima made no misrepresentations in obtaining the RLI policy.  Lima did not sign or submit the August 2006 renewal application which RLI's relies upon for its attempted denial of coverage, and as such, RLI may not properly rely on the August 2006 renewal application as a basis to disclaim coverage.  Alternatively, even if one were to assume that the August 2006 renewal application could be attributed

to Lima, the alleged responses to Questions 5 and 6, and the basis for RLI's denial of coverage, do not constitute misrepresentations as a matter of law. Further, Lima's responses in the July 5, 2006 renewal application do not amount to misrepresentations which would permit RLI to void or otherwise deny coverage. Last, pursuant to the terms of the policy, RLI must show that any alleged misrepresentations were committed intentionally by Lima, which it has failed to do.

## Statement of Material Facts

The defendants, Maria Lopes and Henrique Rocha Santos, incorporate herein by reference the facts set forth in the accompanying Statement of Undisputed Facts and the Statement of Undisputed Facts submitted in connection with Defendants' Motion for Summary Judgment.

## Argument

Summary judgment is appropriate if, after reviewing the facts in the light most favorable to the nonmoving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed.R.Civ.P. 56(c). A "genuine" issue is one that "properly can be resolved only by the finder of fact because it may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A "material fact" is one that "might affect the outcome of the suit" under the applicable legal standard. *Id.* at 248.

"To succeed, the moving party must show that there is an absence of evidence to support the nonmoving party's position." *Rogers v. Fair*, 902 F.2d 140, 143 (1st Cir.

1990). For purposes of summary judgment, the court must review the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in favor of the non-moving party. *Merchant's Ins. Co. of New Hampshire, Inc. v. U.S. Fidelity & Guar. Co.*, 143 F.3d 5, 7 (1st Cir. 1998).

I. **RLI may not void the policy issued to Lima based on alleged misrepresentations in the August 2006 renewal application because Lima neither signed or submitted the application and the information in the application does not amount to misrepresentations.**

Santos' status as an insured under the policy is undisputed as RLI has admitted that Santos qualifies an insured under the RLI policy. Instead, RLI denied coverage based on alleged "misrepresentations in the Renewal Application signed by (Lima) on August 8, 2006." Had RLI conducted a complete, prompt and reasonable investigation before denying coverage, RLI would have discovered that there was and is no basis to disclaim coverage to Santos based on purported misrepresentations by Lima. Indeed, counsel for RLI acknowledged that that the signature on the August 2006 renewal application (which Lima denies signing) differed from the signature on the original application (which Lima admits signing).

RLI's motion is flawed because it attempts to present the facts in the light most favorable to itself rather than Lima and Santos as the non-moving parties. Throughout its motion papers, RLI suggests that Lima allegedly made misrepresentations in the August 2006 renewal application. The fatal flaw in RLI's factual presentation is that Lima denies completing or signing the August 2006 renewal application. Lima did not make any misrepresentations in the renewal application of August 2006 for the simple reason that she did not complete or submit the renewal application of August 2006. Accordingly, RLI's attempt to void the RLI policy based on alleged misrepresentations in

3

the August 2006 renewal application is not supported by the facts viewed in the light most favorable to Lopes and Santos as the non-moving parties.

The only possible scenario that exists to explain the submission of the August 2006 renewal application is that a representative from Mancuso completed and signed the application and submitted it to The Number One Insurance Agency and RLI. However, Lima is not responsible for and RLI may not void the policy based on any alleged misrepresentations in the August 8, 2006 renewal application. *See Guerrier v. Commerce Ins. Co.*, 66 Mass. App. Ct. 351 (2006) (insurer equitably estopped from voiding policy where agent was responsible for misstatement in application signed in blank by insured).

In *Guerrier*, the insured sign signed an insurance application in blank. The agent, who recorded the answers in the application, included inaccurate driver information in the application. The insurer attempted to void the policy based on the alleged misrepresentations in the application. The Appeals Court held that the insurer was not entitled to void the policy based on the alleged misrepresentation. In contrast to *Guerrier*, Lima did not even sign the August 2006 renewal application. Indeed, she did not participate in completing the application which RLI cites as the basis of the alleged misrepresentation in this instance. As such, RLI's attempt to void the policy based on any alleged misrepresentations in the August 2006 renewal application is improper. The Court should, therefore, deny RLI's motion for summary judgment and find that the RLI policy affords coverage to Santos for the claims asserted by Lopes in the underlying action.

**II.   Even if the August 2006 renewal application could be attributed to Lima, the responses do not amount to misrepresentations which allow RLI to void the policy.**

Even if one were to assume that the August 2006 renewal application could be attributed to Lima, the alleged responses to Questions 5 and 6, and the basis for RLI's denial of coverage, do not constitute misrepresentations. The responses to Questions 5 and 6, which RLI relies upon for its claim of misrepresentations, are check marks that were placed in a column entitled "Information on File." The possibility that a statement may be confusing does not render it a misrepresentation. *See Liquor Liability Joint Underwriting Ass'n of Massachusetts v. AIM Ins. Agency*, 55 Mass. App. Ct. 715 (2002). RLI has admitted that it does not know what the check marks represented in the August 2006 renewal application. Where RLI does not know the meaning of the answers, it cannot now claim that the check marks constitute misrepresentations which serve as a basis to void the policy.

Upon receipt of the August 2006 renewal application, RLI had two options. First, it could have refused to issue a policy and requested clarification of the meaning of the check marks in the application. Indeed, RLI made prior requests for clarification in other applications submitted by Lima. Before issuing the original policy, RLI requested more complete information on the original application and further clarification in connection with the renewal application dated July 5, 2006. The second option available to RLI was to issue the policy based on the renewal application that contained information that RLI did not know its meaning. RLI chose the latter option. Its decision to forego further inquiry into the meaning of the checkmarks, which it admittedly did not know the meaning of, does not make those responses misrepresentations.

Further, RLI cannot belatedly rely on the July 5, 2006 renewal application as a basis for its denial of coverage. RLI only relied upon the alleged misrepresentations in the August 2006 renewal as the basis for its denial dated April 20, 2007. To permit RLI to rely on grounds not previously raised by RLI would be improper and in contravention of Massachusetts law which requires insurers to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement. M.G.L. c. 176D, § 3(9)(n). RLI's denial letter of April 20, 2007 makes reference only to alleged misrepresentations "in the Renewal Application signed by you on August 8, 2006." RLI's denial letter makes no reference to representations made in the July 5, 2006 renewal application or the "collective documents" in support of its attempt to void the policy, and it is too late to rely upon either at this time. Even if the August 2006 renewal application were attributable to Lima, the alleged responses to Questions 5 and 6 (i.e. the check marks) do not constitute misrepresentations. RLI's purported basis for its denial and voiding of coverage is improper. The Court should, therefore, deny RLI's Motion for Summary Judgment and find that the RLI policy affords coverage to Santos for the claims asserted by Lopes in the underlying action.

**III.   RLI may not void the policy issued to Lima based on alleged misrepresentations in the July 2006 renewal application because Lima's responses do not amount to misrepresentations.**

Even if one were to consider the July 5, 2006 renewal application in connection with RLI's attempt to void coverage, Lima's responses do not amount to misrepresentations which would permit RLI to void or otherwise deny coverage. Whether a particular contract provision is ambiguous is a question of law. *Berkowitz v. President*

& *Fellows of Harvard College*, 58 Mass. App. Ct. 262, 270 (2003). "Where there is more than one rational interpretation of policy language, 'the insured is entitled to the benefit of the one that is more favorable to it.'" *Hingham Mut. Fire Ins. Co. v. Mercurio*, 71 Mass. App. Ct. 21, 24 (2008), *citing Hakim v. Massachusetts Insurers' Insolvency Fund*, 424 Mass. 275, 281 (1997). The rationale behind this rule is to encourage insurers, who typically draft the policy and are in the best position to avoid future misunderstandings, to be as clear and explicit as possible. *Id.* at 24. The same rationale extends to questionnaires and applications. Where a question on an application lends itself to more than one reasonable interpretation, an honest answer to one of those reasonable interpretations cannot be labeled a misrepresentation. *Id.* at 24.

In *Mercurio*, the insurer sought to rescind or reform a personal umbrella policy on the basis of a misrepresentation because the insureds failed to list all members of the household who were operators of vehicles. The insurer's application contained a section entitled "Operator Information" which requested the applicant to list "All Members of Household and All Operators of Vehicles/Watercraft as Required by Company." *Id.* at 22. The insureds listed their daughter but did not list their 17 year old son who lived with the insureds and owned his own vehicle. The insureds' explained that they did not list their son as a household member and operator because he did not drive the family car and had a separate vehicle and automobile policy. Finding that the insureds responded honestly based on an objectively reasonable interpretation of a question, the court held that the insured's response did not amount to a misrepresentation. *See Hingham Mut. Fire Ins. Co. v. Mercurio*, 71 Mass. App. Ct. 21 (2008).

Given the ambiguity in the RLI application's definition of the term "driver," Lima's renewal application as it relates to Questions 5 and 6 does not constitute misrepresentations. The renewal application forwarded by RLI read as follows:

> "5. What is the number of drivers? (Refer to the definition of 'Driver' on the reverse side.)"

> In the "Information on File" column for Question 5, the number "2" was pre-printed by RLI.

> "6. How many drivers are under the age of 22? (Also include drivers with a learner's permit. In Kansas and Massachusetts, count only those drivers with six years or less driving experience. Driving with a permit is not considered driving experience and should therefore not be included within the six years as driving experience.)"

> In the "Information on File" column for Question 6, the number "0" was pre-printed by RLI.

The renewal application defined "driver" as "'you' and 'members of your household' who operate motor vehicles licensed for road use, plus any other person who operates a vehicle 50% or more which is owned, leased, rented or regularly operated by you or a member of your household."

As of July 5, 2006, Santos was living with his mother and had his learner's permit. Santos was taking a driver's education program and was not allowed to use Lima's car. Lima did not think she needed to count Santos as a driver in connection with the renewal policy. Lima's interpretation of the policy is not unexpected given that the application's definition of "driver" contains no explicit reference to individuals with learner's permits within its express language. Moreover, Lima was not the only person to interpret the application as she did. The Number One Insurance Agency, RLI's only program administrator in Massachusetts for the personal umbrella line of coverage, received numerous inquiries about the application definition of the term "driver" and

8

whether someone with a learner's permit should be included within the definition when filling out RLI's applications.

Question 6, which contains the application's only reference to individuals with learner's permits, is also ambiguous and open to more than one reasonable interpretation. In the first sentence, the application makes reference to including individuals with a learner's permit. However, in the next two sentences, RLI's application makes an exception for Massachusetts (and Kansas). It instructs the applicant to only include drivers with six years or less driving experience and further states that driving with a permit does not constitute driving experience. An applicant in Massachusetts could reasonably interpret Question 6 to exempt someone without any driving experience from being included in the response to Question 6. As the application instructs the applicant that individuals with a learner's permit are not considered to have driving experience, it can hardly be unexpected that an applicant would not count an individual with a learner's permit as a driver in response to Question 6 or any other answer.

Lima's reading of the application can hardly be deemed unreasonable given that others had interpreted the application similarly. In light of the number of inquiries, it should have been clear to RLI that the application was ambiguous and required more clarity. As RLI was the party responsible for the application, it was in the best position to avoid future misunderstandings by making it as clear and explicit as possible. As there is more than one rational interpretation of policy application in this instance, "the insured is entitled to the benefit of the one that is more favorable to it." *Hingham Mut. Fire Ins. Co. v. Mercurio*, 71 Mass. App. Ct. 21, 24 (2008), *citing Hakim v. Massachusetts Insurers' Insolvency Fund*, 424 Mass. 275, 281 (1997). Lima's honest answers to the ambiguous

application do not constitute misrepresentations, and RLI purported voiding of coverage was improper.

Additionally, neither the policy nor the renewal application required Lima to notify RLI of any particular changes to the initial information that she provided in the July 2006 renewal application. "Unless a provision in the insurance policy or renewal application requires the insured to notify the insurer of particular changes, the insured is under no duty to identify changes that are material and notify the insurer of such changes. Absent such a duty, the insured's silence, even if it increases a risk of loss to the insurer, is not a misrepresentation." *Quincy Mut. Fire Ins. Co. v. Quisset Properties, Inc.*, 69 Mass. App. Ct. 147 (2007).

Lima's July 2006 renewal application contains no misrepresentations. As such, the Court should deny RLI's Motion for Summary Judgment and find that the RLI policy affords coverage to Santos for the claims asserted by Lopes in the underlying action.

### IV. Pursuant to the policy terms, RLI must show that any alleged misrepresentations were intentional.

It is insufficient for RLI to only show that any alleged misrepresentations by Lima were material. RLI must prove that Lima intentionally misrepresented a material fact, which it has failed to do. RLI's motion for summary judgment is premised on the argument that Lima made "material misrepresentations" in the RLI renewal applications. However, RLI fails to advise that court that the policy requires that RLI establish <u>intentional</u> misrepresentations by Lima to void coverage. The RLI policy contains the following provision relating to misrepresentation:

> "K. Concealment-Misrepresentation. This insurance is void if you intentionally conceal or misrepresent any material fact or circumstance relating to this insurance at any time."

10

Indeed, RLI cited the above policy provision in its coverage denial letter to Lima.

By the terms of its own policy, RLI must prove that Lima (1) intentionally concealed a material fact or circumstance relating to the insurance or (2) intentionally misrepresented a material fact or circumstance relating to the insurance. The policy provides a narrower basis to void the policy in comparison to M.G.L. c. 175, § 186 which RLI purports to rely on in support of its motion. If RLI wanted to draft its policy to mirror M.G.L. c. 175, § 186, it was free to do so. However, it chose not to in this instance, and any attempt by RLI to interpret the policy language differently merely creates an ambiguity which, under well established law, must be resolved against RLI. Worcester *Ins. Co. v. Fells Acres Day School, Inc.*, 408 Mass. 393, 414 (1990) (where insurer drafts the policy, all ambiguities are resolved against it).

Further, RLI's renewal application does not provide any support for RLI's attempt at voiding the policy. The renewal application only suggests that RLI may void the policy if the alleged misrepresentation "would have caused RLI Insurance Company to decline this application." RLI does not contend that it would have declined Lima's application as a result of the alleged misrepresentations but instead alleges that it would have charged a higher premium.

As issues of intent are questions of fact for a jury, summary judgment for RLI is inappropriate. *Yerardi v. Pacific Indem. Co.*, 436 F.Supp.2d 223, 246 (D.Mass. 2006). Indeed, RLI concedes that Lima's intent is a question for trial. *See RLI Memorandum of Law in Support of Motion for Summary Judgment* at 2, n.2. RLI has offered no evidence to support a determination that Lima intended to misrepresent any information in the RLI

renewal application. Accordingly, the court should deny RLI's Motion for Summary Judgment.

### V. RLI is not entitled to summary judgment with respect to the counterclaims of Lopes and Santos where RLI's improper investigation and denial of coverage amounts to 93A violation.

Whether an insurer has conducted a reasonable investigation before denying a claim is a factual determination in suit claim unfair claim settlement practices. *Bobick v. U.S. Fidelity & Guar. Ins. Co.*, 57 Mass. App. Ct. 1, 3-4 (2003). Santos' status as an insured under the RLI policy is undisputed as RLI has admitted that Santos qualifies an insured under the RLI policy. Notwithstanding Santos' undisputed status as an insured under the RLI policy and his clear responsibility for the accident and resulting damages, RLI declined coverage to Santos based on alleged misrepresentations made by Lima in her renewal application dated August 8, 2006. As a result of RLI's improper voiding of the policy and declination of coverage to Santos for the claims asserted by Ms. Lopes in the underlying tort action, Santos was left with no coverage beyond the policy limits of his auto policy with Commerce Insurance.

Conduct by insurers prohibited under M.G.L. c. 176D gives rise to a cause of action under M.G.L. c. 93A. *Mutual Ins. Co., Ltd v.* Murphy, 630 F.Supp.2d 158, 163 (D.Mass. 2009). M.G.L. c. 176D requires an insurer to act within a "reasonable time or "reasonably promptly" in response to claims. See M.G.L. c. 176D, § 3(9)(c) and (d) (insurer violates M.G.L. c. 176D by failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies and by refusing to pay claims without conducting a reasonable investigation based upon all available information); see also *Federal Ins. Co. v. HPSC, Inc.*, 480 F.3d 26 (1st Cir. 2007) (insurer

breached duty to investigate under c. 176D and c. 93A where it failed to contact insured to obtain more information about alleged misrepresentation in policy application before denying coverage).

In its April 20, 2007 denial letter to Lima, RLI advised that it had "completed its review and investigation" and "confirmed that misrepresentations in the Renewal Application signed by you on August 8, 2006, materially affected the risk insured by RLI." On this basis, RLI voided coverage. RLI misrepresents the relevant facts when it states that it "confirmed" that Lima made misrepresentations in the August 8, 2006 renewal application that she signed. M.G.L. c. 176D, § 3(9)(a) (an insurer violates M.G.L. c. 176D by misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue). If RLI had conducted a complete, prompt and reasonable investigation before improperly denying coverage, RLI would have discovered that there was and is no basis to disclaim coverage to Santos based on purported misrepresentations by Lima. Lima did not make any misrepresentations in the renewal application of August 8, 2006 for the simple reason that she did not complete or submit the renewal application of August 8, 2006.

Even despite the revelations during discovery (information that was easily obtained by RLI had it conducted a proper investigation), RLI continues to improperly deny coverage and rely upon the August 8, 2006 renewal application as the purported source of an alleged misrepresentation by Lima. See M.G.L. c. 176D, § 3(9)(n) (an insurer violates c. 176D by failing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement). Indeed, instead of reconsidering its

coverage denial as would be required under M.G.L. c. 93A, RLI has compounded its violation by clinging to its improper denial of coverage and attempting to place blame for purported problems or errors in the issuance of the policy on Lima instead of in its proper place which would be with RLI.

RLI attempts to argue that its denial was based upon a reasonable interpretation of the policy documents. However, RLI's "interpretation" of the policy documents is not objectively reasonable when its own counsel has previously admitted that the signature on the August 8 renewal application differed from the signature on the original application. Given this objective fact, RLI's insistence that Lima made misrepresentations in the August 2006 renewal application is far from reasonable particularly in light of RLI's failure to interview anyone involved with the renewal application process including Lima and representatives from Mancuso-Nowak and Number One.

RLI cites to *Thomas v. Metropolitan Life Ins. Co.*, 40 F.3d 505 (1st Cir. 1994) in support of its motion. The *Thomas* court's opinion actually supports the denial of RLI's motion. Citing the Massachusetts Supreme Judicial Court, the court in *Thomas* stated that "a plaintiff may recover under chapters 93A and 176D for a deceptive act that is the result of the insurance company's negligence. The plaintiff need not show any actual intent to deceive, and an act may be deceptive even absent any showing of negligence." *Id.* at 511, citing *Swanson v. Bankers Life Co.*, 389 Mass. 345 (1983).

The conduct on the part of RLI, and its representatives in the handling of the Lopes claim and its denial of coverage to Santos constitutes unfair and deceptive acts or

practices in violation of M.G.L. c. 176D and c. 93A.  As such, the court should deny RLI's motion for summary judgment at to the counterclaims of Lopes and Santos.

## Conclusion

WHEREFORE, the defendants, Maria Lopes and Henrique Rocha Santos, request that this Court (1) deny RLI's motion for summary judgment as to all counts; (2) deny RLI's request for rescission of the RLI policy; (3) declare that the RLI policy was valid and in effect as of October 5, 2006; (4) find, as a matter of law, that the RLI policy covers the claims asserted against Santos; and (5) order such other relief as the Court deems proper.

## REQUEST FOR ORAL ARGUMENT

The defendants respectfully request oral argument on this Motion.

MARIA LOPES and
HENRIQUE ROCHA SANTOS,

/s/ David F. Hassett
David F. Hassett, Esquire BBO#: 544443
dhassett@hassettanddonnelly.com
Scott T. Ober, Esquire, BBO#: 567666
sober@hassettanddonnelly.com
Hassett & Donnelly, P.C.
446 Main Street, 12th Floor
Worcester, MA 01608
(508) 791-6287
(508) 791-2652

Dated: March 15, 2010

## CERTIFICATE OF SERVICE

I, David F. Hassett, counsel of record for the plaintiff in this action, do hereby certify that I have served a copy of the foregoing document, to the following parties, through the ECF system on this 15th day of March, 2010.

Russell J. Edelstein, Esquire
Choate, Hall & Stewart, LLP
Two International Place
Boston, MA 02110

/s/ David F. Hassett
David F. Hassett, Esquire

16